PAUL WILLIAMS V. STATE.

No. 30,507. April 1, 1959.
Motion for Rehearing Overruled May 13, 1959.

*Royce E. Ball,* Lubbock, for appellant.

*Frank Gaston,* County Attorney, Plainview, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for unlawfully transporting beer in a dry area; the punishment, 90 days in jail and a fine of $500.

Appellant challenges the sufficiency of the evidence to support the conviction.

The testimony shows that at about 7:30 P.M., as Dwane Carter gave a left hand signal to turn at a street intersection in the city of Plainview another automobile, passing on his left, "side swiped" his automobile, traveled about 100 feet and struck a telephone pole, and Carter's automobile stopped at the intersection. Appellant was riding on the right in the front seat and another person, whose name is unknown according to the record, was driving the other car. When Carter suggested that they call the police, appellant said he would pay for the repairs of Carter's car if he would not call them, then within a few minutes, the three left in Carter's car for a place where the appellant had an estimate made of the cost of the repairs to Carter's car, but which he never paid, and Carter never returned to the scene of the accident.

The police arrived at the scene of the collision at about 7:45 P.M., found pieces of chrome in the street, and a recently damaged car in the bar ditch sitting against a telephone pole with 13 cases of beer in the rear seat covered with a blanket. No one at the scene claimed the car.

Appellant told Carter that his wife owned the car. The testimony further shows that the damaged car bore license number BT 7283, and that the registration records showed the ownership of the car to be in Inez Richardson, Box 8512, Lubbock, Texas.

The testimony shows that Inez Richardson is a sister of Jack Curtis, the man who made the estimate of the costs of repair to Carter's car; and that Jack Curtis said that appellant was his brother-in-law.

Carter testified that appellant said he wanted his brother-in-law to get an estimate on the damage to his (Carter's) car and that Jack Curtis estimated the damages at $284.00. Carter was also asked and answered: "Q. Did this man (referring to appellant) make any particular ownership or control of the car? A. Yes, sir. Q. What did he say? A. Well, he said he

would fix my car. Q. If you wouldn't call the police? A. Yes, sir. Q. That is this defendant that sits right here? A. Yes, sir."

The circumstantial evidence is sufficient to show that the Plymouth automobile in which appellant was riding was the same 1949 Plymouth in which the officers found 13 cases of beer. The car the officers found was in the same position against the pole, and there were several people around it when the officers arrived. The license number of the Plymouth car the officers found the beer in was identified as that registered in the name of Inez Richardson, a sister of Jack Curtis who said appellant was his brother-in-law. This was consistent with appellant's statement that the car belonged to his wife. Jack Curtis appraised the damage to the Buick.

It is not a reasonable hypothesis that a mere passenger in an automobile loaded with beer in a dry area should be so interested in the police not being called as to assume responsibility for the damages done to another car, and would represent that the car in which he was riding belonged to his wife, when he did not know that 13 cases of beer were being transported therein and had no part in such unlawful act or in the control of the automobile.

We find the evidence sufficient to sustain the conviction and no reversible error appears.

The judgment is affirmed.